**JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION & RETIREMENT SYSTEM and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> IXIA, VICTOR ALSTON, ATUL BHATNAGAR, THOMAS B. MILLER, and ERROL GINSBERG, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. CV13-8440 DMG (SHx)

**FINAL ORDER AND JUDGMENT [135, 136]**

WHEREAS, on July 29, 2016, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Settlement Agreement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in this Action and in the best interests of the Class, including the release of the Defendants and the Releasees as defined in the Settlement Agreement, and should be approved; (2) whether the Settlement Class should be

certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; (3) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (4) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (5) whether and in what amount to award counsel for Lead Plaintiffs and the Class fees and reimbursement of expenses.

WHEREAS, on February 29, 2016, this Court, pursuant to Rules 23(a) and (b)(3) granted preliminary approval of the Settlement Agreement and preliminarily certified a class consisting of all persons and entities who purchased or otherwise acquired the common stock of Ixia between February 4, 2011 and April 3, 2013, inclusive and who were damaged thereby.   [Doc. # 130.] Excluded from the Class are (a) Defendants; (b) members of the immediate families of the Individual Defendants; (c) any subsidiaries of Defendants; (d) any affiliate, as that term is defined by the federal securities laws, of Ixia or any other Defendant, including the 401(k) plans of Ixia; (e) any person or entity who is a partner, executive officer, director or controlling person of Ixia (including any of their subsidiaries or affiliates) or any other Defendant; (f) any entity in which any Defendant has a controlling interest; (g) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (h) the legal representative, heirs, successors and assigns of any such excluded party. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Schedule 1 annexed hereto.

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise; and it appearing that a Notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable who purchased or otherwise acquired the common stock

of Ixia between February 4, 2011 and April 3, 2013, inclusive, except those persons or entities excluded from the definition of the Class, and that a Publication Notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and the *PR Newswire* pursuant to the specifications of the Court; and the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

**NOW, THEREFORE, IT IS HEREBY ORDERED,** as follows**:**

1.     For purposes of this Order, all terms used herein have the meanings as set forth and defined in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of the Securities Class Action, the Lead Plaintiffs, all other Class Members and the Defendants.

3.     The Court hereby certifies the Action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons and entities who purchased or otherwise acquired the common stock of Ixia between February 4, 2011 and April 3, 2013, inclusive and who were damaged thereby.   Excluded from the Class are (a) Defendants; (b) members of the immediate families of the Individual Defendants; (c) any subsidiaries of Defendants; (d) any affiliate, as that term is defined by the federal securities laws, of Ixia or any other Defendant, including the 401(k) plans of Ixia; (e) any person or entity who is a partner, executive officer, director or controlling person of Ixia (including any of their subsidiaries or affiliates) or any other Defendant; (f) any entity in which any Defendant has a controlling interest; (g) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (h) the legal representative, heirs, successors and assigns of any such excluded party.  Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto.

4.      The Court finds and concludes that, for settlement purposes, the prerequisites to class action certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and their counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are adequate class representatives and certifies them as class representatives for the Class.

6.      Pursuant to and in accordance with the requirements of Rule 23, the Settlement as set forth in the Settlement Agreement is approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class Members and the parties are directed to consummate the Settlement Agreement in accordance with its terms and provisions.

7.      The distribution of Notice of Proposed Class Action Settlement, Application of Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and the publication of Summary Notice of Proposed Settlement of Class Action and Settlement Hearing (the "Publication Notice") constituted the best notice practicable under the circumstances to all Class Members, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law.

8.      The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Settlement Agreement, against the Defendants, their

past or present subsidiaries, parents, affiliates, partners, successors and predecessors, officers, directors, shareholders, insurers, reinsurers, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants.  The above-captioned action is hereby dismissed with prejudice.

9.     The Court permanently bars and enjoins (i) all Class Members and their heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Securities Class Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Plaintiffs' Claim as to any Releasee, including any Claim that is based upon, arises out of, or relates to the Securities Class Action or the transactions and occurrences referred to in the Complaint, and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action or other proceeding (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) on behalf of any Class Member as to the Releasees, if such other lawsuit is based upon, arises out of, or relates to any Released Plaintiffs' Claims, including any

1  Claim that is based upon, arises out of, or relates to the Securities Class Action or

2  the transactions and occurrences referred to in the Complaint.

3       10.    In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims

4  for contribution arising out of any Released Plaintiffs' Claim (i) by any person or

5  entity against any of the Releasees and (ii) by any of the Releasees against any

6  person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby

7  permanently barred, extinguished, discharged, satisfied, and unenforceable.

8  Accordingly, without limitation to any of the above, (i) any person or entity is

9  hereby permanently enjoined from commencing, prosecuting, or asserting against

10 any of the Releasees any such Claim for contribution, and (ii) the Releasees are

11 hereby permanently enjoined from commencing, prosecuting, or asserting against

12 any person or entity any such Claim for contribution.  In accordance with 15

13 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by

14 or on behalf of the Class or a Class Member against any person or entity for loss

15 for which such person or entity and any Releasees are found to be jointly liable

16 shall be reduced by the greater of (i) an amount that corresponds to the

17 Defendants' percentage of responsibility for the loss to the Class or Class

18 Member or (ii) the Settlement Amount.

19       11.    To effectuate the Settlement, the Court hereby enters the following

20 Complete Bar:

21            a.      Any and all persons and entities are permanently barred,

22 enjoined, and restrained from commencing, prosecuting, or asserting any

23 Claim against any Releasee arising under any federal, state, or foreign

24 statutory or common-law rule, however styled, whether for indemnification or

25 contribution or otherwise denominated, including Claims for breach of

26 contract or for misrepresentation, where the Claim is or arises from a Released

27 Plaintiffs' Claim and the alleged injury to such person or entity arises from

28 that person's or entity's alleged liability to the Class or any Class Member,

including any Claim in which a person or entity seeks to recover from any of the Releasees (i) any amounts such person or entity has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this Complete Bar Order are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; provided however, that if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Plaintiffs' Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member or (ii) the Settlement Amount.

b.      Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Plaintiffs' Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (i) any amounts any

such Releasee has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

        c.     Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim relates in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations made in connection with, or directly or indirectly relating to, (i) the prosecution, defense, or settlement of the Securities Class Action, (ii) the Settlement Agreement, (iii) the Settlement terms and their implementation, (iv) the provision of notice in connection with the proposed Settlement, and/or (v) the resolution of any Claim Forms filed in connection with the Settlement.

        d.     Notwithstanding anything stated in this Complete Bar Order, if any person or entity (for purposes of this Complete Bar Order, a "petitioner") commences against any of the Releasees any action either (i) asserting a Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this Complete Bar Order or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement

Agreement shall bar Claims by that Releasee against (a) such petitioner, (b) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (c) any person or entity that participated with any of the preceding persons or entities described in items (a) and (b) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s); provided, however, that nothing in this Complete Bar Order or the Settlement Agreement shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement.

e.      If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Plaintiffs' Claim.

f.      Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in the Securities Class Action, except as limited by the Insurance Agreement.

12.    Lead Plaintiffs and all other Class Members and all Releasors shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as specified in paragraph 30 of the Settlement Agreement.

13.     Each and every Releasee shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as specified in paragraph 31 of the Settlement Agreement.

14.     Lead Counsel, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates, assigns, and any person or entity claiming by or through any of them, shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as specified in paragraph 32 of the Settlement Agreement.

15.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a.     offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by the Lead Plaintiffs or the validity of any claim that has been or could have been or could be asserted in the Securities Class Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Securities Class Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

b.     offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs or the other members of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the other members of the Class;

c.     offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of

the parties to the Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

d.    construed against the Defendants or the Lead Plaintiffs and the other members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and/or

e.    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the other members of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Qualified Settlement Fund.

16.    The Plan of Allocation is approved as fair and reasonable, and in the best interests of the Class, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Settlement Agreement in accordance with its terms and provisions.

17.    Counsel for Lead Plaintiffs are hereby awarded $875,000 as and for their attorneys' fees, which sum the Court finds to be fair and reasonable as compared to the total lodestar.

18.    The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Securities Class Action.

19.    Counsel for Lead Plaintiffs are hereby awarded $260,000 in reimbursement of expenses, which sum the Court finds to be fair and reasonable. The awarded fees and expenses shall be paid to Plaintiffs' Lead Counsel from the Qualified Settlement Fund with interest from the date such Qualified Settlement

Fund was funded to the date of payment at the same rate that the Settlement Payment earns.

20.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

21.     The Court finds that during the course of this Securities Class Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order Approving Settlement and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

23.     An appeal of the portion of this Order which awards attorneys' fees or expenses, shall have no effect whatsoever on the finality of any other portion of this Order Approving Settlement and Final Judgment or the Effective Date of the Settlement as provided in the Settlement Agreement.   Class Members appealing this Order and Final Judgment or any portion thereof, must first timely intervene pursuant to the Federal Rules of Civil Procedure.

//

24.   Without further order of the court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

DATED:  July 29, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

**<u>Schedule 1</u>**

**List of Persons and Entities Who Excluded Themselves from the Class in**
*Oklahoma Firefighters Pension & Retirement System v. Ixia, et al.*,
Case No. CV13-08440-DMG(SHx) (C.D. Cal.)

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the June 29, 2016, deadline pursuant to the Court's Order dated February 29, 2016:

Betty Svoronos, individually and
as Executor of the Estate of
Andreas Svoronos

Chauncey Bryant

ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT / Case No. CV13-08440-DMG(SHx)